THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH A. RUGGIRELLO, DDS and CAMBRIDGE DENTAL LLC | Case No. 2:20-cv-12068-DPH-RSW<br>Hon. Denise Page Hood<br>Magistrate Judge R. Steven Whalen |
| Plaintiffs, | |
| vs | Removed From Macomb County Circuit Court Case No. 20-1864-CB |
| | Hon. Kathryn A. Viviano |
| JPMORGAN CHASE & CO., | |
| Defendant. | |

---

RUGGIRELLO, VELARDO,
NOVARA, BURKE & REIZEN, P.C.
Armand Velardo (P35315)
Darwin L. Burke, Jr. (P63519)
Jack W. Stride (P80937)
65 Southbound Gratiot Avenue
Mount Clemens, MI 48043-5545
(586) 469-8660

*Attorneys for Plaintiffs*

FROST BROWN TODD, LLC
Kelley M. Haladyna (P63337)
301 North Main Street
Suite 100
Ann Arbor, MI 48104
(734) 669-1064
khaladyna@fbtlaw.com

*Attorneys for Defendant*

---

## **DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant JPMorgan Chase Bank N.A. (improperly named as JPMorgan Chase & Co. in the Plaintiffs' Complaint) ("Chase" or "Defendant"), through its counsel Frost Brown Todd LLC, seeks dismissal with prejudice of Plaintiffs Joseph A. Ruggirello, DDS and Cambridge Dental, LLC's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have failed to state any valid claims against Chase. In support of its Motion, Chase relies on the facts as stated in the Complaint, and the argument and legal authority stated in its accompanying Brief in Support of this Motion and incorporated herein.

Concurrence was sought pursuant to Local Rule 7.1(a) on August 6, 2020 by email to Plaintiffs' counsel of record. Chase's counsel did not receive a response by this filing on August 7, 2020.

WHEREFORE Defendant respectfully requests this Court grant its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiffs' Complaint in its entirety and with prejudice, along with any additional relief this Court deems just and proper.

1

Dated: August 7, 2020

Respectfully submitted,

FROST BROWN TODD, LLC

  /s/ Kelley M. Haladyna
By:  Kelley M. Haladyna (P63337)
Frost Brown Todd, LLC

301 N. Main St.
Suite 100
Ann Arbor, MI  48104
734.669.1064
khaladyna@fbtlaw.com

*Attorneys for Defendant JPMorgan
Chase Bank N.A.*

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH A. RUGGIRELLO, DDS
AND CAMBRIDGE DENTAL LLC

          Plaintiff,

vs

JPMORGAN CHASE & CO.,

          Defendant.

Case No. 2:20-cv-12068-DPH-RSW
Hon. Denise Page Hood
Magistrate Judge R. Steven Whalen

Removed From Macomb County
Circuit Court Case No. 20-1864-CB

Hon. Kathryn A. Viviano

---

RUGGIRELLO, VELARDO,
NOVARA, BURKE & REIZEN, P.C.
Armand Velardo (P35315)
Darwin L. Burke, Jr. (P63519)
Jack W. Stride (P80937)
65 Southbound Gratiot Avenue
Mount Clemens, MI 48043-5545
(586) 469-8660

*Attorneys for Plaintiff*

FROST BROWN TODD, LLC
Kelley M. Haladyna (P63337)
301 North Main Street
Suite 100
Ann Arbor, MI 48104
(734) 669-1064
khaladyna@fbtlaw.com

*Attorneys for Defendant*

---

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
12(b)(6)**

## <u>TABLE OF CONTENTS</u>

I.    Introduction ................................................................................................... 1

II.   Statement of Facts ......................................................................................... 3

III.  Legal Argument ............................................................................................ 4

   A.  Standard of Review.................................................................................... 4

   B.  Chase is not Vicariously Liable Because the Alleged Statements of the Individual Employees Were Made Outside Their Scope of Employment or Authority ............................. 5

   C.  Plaintiffs' Defamation Claim Fails Because the Alleged Statements Are Not Defamatory as a Matter of Law ............................................................................................. 9

     1.  The Alleged Statements are Subjective Opinions and Plaintiffs Cannot Prove the Alleged Statements Are False ....................................................................... 10

     2.  Mr. Ball's Second Alleged Statement is Rhetorical Hyperbole and Not Actionable .... 13

   D.  Plaintiffs' Intentional Infliction of Emotional Distress Claim Fails Because the Alleged Statements Were Not Extreme or Outrageous ......................................................... 14

   E.  Plaintiff Cambridge Dental Has Failed to State Any Facts at All Related to Actions or Statements Directed Toward It ................................................................................ 17

IV.  Conclusion .................................................................................................. 19

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 668, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ........................... 5

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir.2007) ............ 4

*Bernhardt v. Ingham Regional Medical Center*, 249 Mich. App. 274, 279, 641 N.W.2d 868
    (2002) ................................................................................................................................ 17

*Champion Labs., Inc. v. Parker-Hannifin Corp.*, 616 F. Supp. 2d 684, 698 (E.D. Mich. 2009) . 18

*Dalley v. Dykema Gossett PLLC*, 287 Mich. App. 296, 321, 788 N.W.2d 679 (2010) ................ 14

*Doe v. Mills*, 212 Mich. App. 73, 91, 536 N.W.2d 824 (1995) ..................................................... 15

*Earth Scientists (Petro Services) Ltd. v. U.S. Fidelity & Guar. Co.*, 619 F. Supp. 1465, 1474 (D.
    Kan. 1985) .......................................................................................................................... 19

*Edwards v. Detroit News, Inc.*, 322 Mich. App. 1, 13, 910 N.W.2d 394 (2017).............. 10, 12, 13

*F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1489, 23 U.C.C. Rep. Serv. 2d 596 (10th Cir. 1994) ............ 19

*Garvelink v. Detroit News*, 206 Mich. App. 604, 608-609, 522 N.W.2d 883 (1994).................... 10

*Graham v. Ford*, 237 Mich. App. 670, 674, 604 N.W.2d 713 (1999)........................................... 15

*Greenbelt Cooperative Publishing Ass'n, Inc. v. Bresler*, 398 U.S. 6, 90 S.Ct. 1537, 26 L. Ed.2d
    6 (1970)............................................................................................................................... 13

*Hamed v. Wayne Cty.*, 490 Mich. 1, 10–11, 803 N.W.2d 237, 244 (2011) .................................... 6

*Haque Travel Agency, Inc. v. Travel Agents Intern., Inc*. 808 F.Supp. 569, 572 n. 5 (E.D. Mich.
    1992) .................................................................................................................................... 19

*Haverbush v. Powelson*, 217 Mich. App. 228, 234-235, 551 N.W.2d 206 (1996)....................... 17

*Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 494 (6th Cir. 2006) ...................... 7, 8

*Heritage Optical Center, Inc. v. Levine*, 137 Mich. App. 793, 359 N.W.2d 210 (1984) ............. 18

*HM Hotel Properties v. Peerless Indem. Ins. Co.*, 874 F. Supp. 2d 850, 853 (D. Ariz. 2012)..... 19

*Ireland v. Edwards*, 230 Mich. App. 607, 614, 584 NW2d 632 (1998) ........... 9, 10, 11, 12, 13, 14

*Lewis v. LeGrow*, 258 Mich. App. 175, 196, 670 N.W.2d 675 (2003)......................................... 15

*Lucas v. Awaad*, 299 Mich. App. 345, 359, 830 N.W.2d 141, 150 (2013) ............................ 15, 16

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20, 110 S.Ct. 2695, 111 L. Ed.2d 1 (1990) .......... 10

*Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602, 347 N.W.2d 905, 908 (1985)................. 14

*Todd v. NBC Universal (MSNBC)*, 2015 WL 8539703 (Mich. App. No. 323235, Dec. 10, 2015)
    ............................................................................................................................................. 16

*Warren v. June's Mobile Home Village & Sales, Inc*., 66 Mich. App. 386, 392, 239 N.W.2d 380
    (1976) .................................................................................................................................. 16

*Zsigo v. Hurley Med Ctr*, 475 Mich. 215, 223, 226, 716 NW2d 220 (2006).................................. 6

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 2, 4, 5, 8

## I.    Introduction

Plaintiffs' Complaint is devoid of substantive factual assertions sufficient to state causes of action for defamation (Count I) and intentional infliction of emotional distress (Count II) against Defendant JPMorgan Chase Bank, N.A. (improperly named as JPMorgan Chase & Co. by Plaintiffs in their Complaint) ("Chase"). Plaintiffs' entire Complaint is based on two alleged statements made by Chase employees (who, tellingly, were not named individually as Defendants).   The statements, which are completely innocuous, do not, and could not, reach the high threshold required for claims of defamation or intentional infliction of emotional distress under Michigan law.

According to the Complaint, two of Chase's employees each made a comment regarding Plaintiff Dr. Ruggirello to one other individual, Lori V.  The alleged comments were nothing more than general opinion statements: "well you know doctors and dentists have so much money they don't pay attention to their accounts," and "it sounds like your dentist friend just likes to talk a lot" or "to anyone who will listen."  These statements, while at best impolite, do not tend to lower an individual's reputation in the community or deter third persons from associating with that individual, nor come anywhere close to extreme and outrageous conduct. Accordingly, Plaintiffs have utterly failed to state a claim for these intentional torts as a matter of law.

Indeed, numerous deficiencies in Plaintiffs' allegations are fatal and require dismissal of the entire complaint:

- Plaintiffs have failed to sufficiently allege that Defendant Chase is vicariously liable for the alleged intentional torts of its employees pursuant to the doctrine of *respondeat superior*;

- Plaintiffs have failed to allege the purported statements made by Chase employees were defamatory as a matter of law because they were opinion and/or rhetorical hyperbole; and

- Plaintiffs have failed to allege facts demonstrating a *prima facie* case of intentional infliction of emotional distress because the alleged conduct of Chase's employees was not "extreme and outrageous" as a matter of law.

Further, Plaintiff Cambridge Dental, a business entity, has not stated any factual allegations asserting either of these intentional torts were committed against it.  Moreover, it is impossible for a corporate entity like Cambridge Dental to suffer emotional distress.  Therefore, any claims asserted by Cambridge Dental must be dismissed.

Accordingly, Plaintiffs' claims against Chase should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have failed to state any claims as a matter of law.

## II.    STATEMENT OF FACTS

Plaintiffs Dr. Joseph Ruggirello and Cambridge Dental, LLC allege they began "working" with Defendant Chase in 2012. Plaintiffs allegedly worked with several of Chase's employees.  Complaint, ¶¶ 7,8.  According to Plaintiffs, in late 2017, Mr. Brian Slatkin, one of Chase's employees, convinced Plaintiffs to deposit $50,000 into an account with Chase.  *Id*. at ¶ 9.  However, Plaintiffs claim that Mr. Slatkin did not deposit the $50,000 in an account, but utilized the funds for Mr. Slatkin's personal endeavors and provided Plaintiffs with a false transaction history. *Id.* at ¶¶ 10, 11[1].

Nearly two years later, in July of 2019, Plaintiffs allege that another of Chase's employees, Mr. Clay Smith, shared information regarding the handling of Plaintiffs' $50,000 with an unrelated third party, Lori V., at an unrelated company. *Id*. at ¶ 12.  Plaintiffs claim at the same date and time in July of 2019, Mr. Smith stated to Lori, referring to Dr. Ruggirello: "well you know doctors and dentists have so much money they don't pay attention to their accounts".  *Id*. at ¶ 13.  Plaintiffs additionally allege that in September of 2019, another of Chase's employees, Mr. Steve Ball, contacted Lori to investigate her interactions with Mr. Smith.  *Id.* at ¶ 15. Plaintiffs claim that on that same unspecified day and time,[2] Mr. Ball stated:  "it

---

[1] These facts do not seem to form the basis for any of Plaintiffs' claims, but merely provide background.

[2] Plaintiffs' allegations in Complaint Paragraph 16 refer back to the alleged September 2019 contact between Mr. Ball and Lori, however, in Paragraph 16 Plaintiffs allege that contact occurred

3

sounds like your dentist friend just likes to talk a lot" and "it sounds like your dentist friend just likes to talk to anyone who will listen," allegedly referring to Plaintiff Dr. Ruggirello.  *Id.* at ¶ 16.

Plaintiffs claim that Defendant's employees' alleged statements were defamation and amounted to intentional infliction of emotional distress, purportedly resulting in emotional distress, humiliation, mortification and embarrassment, sleeplessness and anxiety, therapy and medication, and other unspecified damages. Complaint, ¶¶ 22, 28-29 and Counts I and II.  These allegations of fact, however, even if taken as true, do not amount to defamation or intentional infliction of emotional distress as a matter of law, and must be dismissed.

## III.   LEGAL ARGUMENT

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted.  In order for Plaintiffs' claims to survive a motion under this rule, Plaintiffs' complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). "[T]he tenet that a court must accept

---

in "July of 2019" as opposed to September of 2019 as identified in Complaint Paragraph 15. *Compare*, Complaint, ¶¶ 15 and 16.

as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Here, Plaintiffs have utterly failed to allege facts sufficient to state claims for defamation and intentional infliction of emotional distress. Chase's employees' alleged conduct is wholly insufficient to amount to the conduct required for these intentional torts. Moreover, Plaintiffs have failed to establish vicarious liability against Chase for these claims. Accordingly, Plaintiffs' claims should be dismissed as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B. Chase is Not Vicariously Liable Because the Alleged Statements of the Individual Employees Were Made Outside Their Scope of Employment or Authority

Notably, and fatal to their claims, Plaintiffs did not name the actual individuals that allegedly made and published the defamatory statements. Indeed, Plaintiffs only asserted their tort claims for defamation and intentional infliction of emotional

distress against one defendant – Chase.  Yet, Plaintiffs have failed to state facts sufficient to support any argument that Chase is vicariously liable under the doctrine of *respondeat superior* (or any other theory) for the alleged tortious acts of its employees.

The doctrine of *respondeat superior* is well-established in Michigan:

> An employer is generally liable for the torts its employees commit within the scope of their employment.  It follows that an employer is not liable for the torts ... committed by an employee when those torts are beyond the scope of the employer's business. This Court has defined "within the scope of employment" to mean 'engaged in the service of his master, or while about his master's business.' Independent action, intended solely to further the employee's individual interests, cannot be fairly characterized as falling within the scope of employment. Although an act may be contrary to an employer's instructions, liability will nonetheless attach if the employee accomplished the act in furtherance, or the interest, of the employer's business.

*Hamed v. Wayne Cty.*, 490 Mich. 1, 10–11, 803 N.W.2d 237, 244 (2011) (internal quotes and citations omitted).  An employer cannot be liable simply because the employee "purported to act or speak on behalf of the principal and there was reliance upon apparent authority" or where the employee was merely "aided in accomplishing the tort by the existence of the agency relationship."  *Zsigo v. Hurley Med Ctr*, 475 Mich. 215, 223, 226, 716 NW2d 220 (2006).

Here, with respect to the initial allegedly defamatory statement by Mr. Smith, Plaintiffs fail to allege any facts that indicate or even suggest that Mr. Smith was

6

acting within the "scope of his employment" or "engaged in service" with Chase. Specifically, Plaintiffs have merely alleged that "In July of 2019, another of Defendant's employees (Mr. Clay Smith["Smith"]) shared with an unrelated third party (Lori V. ["Lori"]) at an unrelated company, Slatkin's handling of Plaintiffs' $50,000.00 deposit and specifically mentioned Dr. Ruggirello's name." Complaint, ¶ 12. "On the same date and time in July of 2019, Smith stated to Lori, referring to Dr. Ruggirello: "well you know doctors and dentists have so much money they don't pay attention to their accounts." Complaint, ¶ 13. "When the unrelated third party mentioned to Smith that she personally knew Dr. Ruggirello, Smith abruptly ended the meeting and left." Complaint, ¶ 14. Plaintiffs make no allegations that Mr. Smith was talking to Lori in the course of his employment with Chase, for any purpose related to the business of Chase, or within his authority as a employee of Chase. *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 494 (6th Cir. 2006) ("his employer can be liable in *respondeat superior* only if his slanderous statement was made while he was engaged in his employer's work *and* was acting within the scope of his authority.") (italics in original).

Moreover, the statement allegedly made by Mr. Smith, even if made during his employment, was certainly an independent action and not within the scope of his employment duties or authority with Chase. "An employer is not liable for a defamatory statement, even though made in the workplace, if the statement was not

7

made in relation to a matter about which the employee's duties required him to act."
*Henderson*, 469 F.3d at 494.  Plaintiffs have not alleged any facts to even remotely
suggest that Mr. Smith was acting in matter in which his duties required him to act.
*Id*.

Similarly, Mr. Ball's alleged statement is similarly not within the scope of his
employment and the scope of his authority.  *Id*.  While Plaintiffs have minimally
alleged that Mr. Ball contacted Lori to "investigate" the interactions between Mr.
Smith and Lori, it does not allege that the "investigation" was on behalf of Chase or
as part of his employment with Chase.  Moreover, the alleged statements that "it
sounds like your dentist friend just likes to talk a lot" and "it sounds like your dentist
friend just likes to talk to anyone who will listen" are clearly made outside the scope
of any investigation authorized by Chase.  Complaint, ¶ 15-16; *Henderson*, 469 F.3d
at 495 (holding that soccer coach's statement to one of his team members about
another team member regarding the break-up of a relationship had nothing to do with
coaching soccer and only coach's personal interests and relations).  Plaintiffs have
failed to allege how these statements are tied to Mr. Ball's employment and duties
at Chase.

Plaintiffs' failure to allege that the purported statements made by employees
of Chase were made during the course of their duties and within the scope of
authority of their employment requires dismissal of their Complaint pursuant to Rule

12(b)(6) without even reaching the issue of whether Plaintiffs have stated *prima facie* claims of defamation and intentional infliction of emotional distress.

### C. Plaintiffs' Defamation Claim Fails Because the Alleged Statements Are Not Defamatory as a Matter of Law

Regardless of whether the Chase employees were acting within their scope of employment, Plaintiffs have failed to state a claim for defamation under Michigan law.  Defamation requires (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod).  *Ireland v. Edwards*, 230 Mich. App. 607, 614, 584 NW2d 632 (1998).  Additionally, "a court may decide as a matter of law whether a statement is actually capable of defamatory meaning." *Ireland*, 230 Mich. App. at 619.  If no such defamatory meaning is possible, the defendant is entitled to summary disposition.  *Id*.

A communication is defamatory if it tends to lower an individual's reputation in the community or deters third persons from associating with that individual. *Ireland*, 230 Mich. App. at 614.  Not all defamatory statements are actionable, however.  *Id*.  Michigan has applied the U.S. Supreme Court doctrine that if a statement cannot be reasonably interpreted as stating actual facts about the plaintiff, it is speech protected by the First Amendment of the United States Constitution.

9

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20, 110 S.Ct. 2695, 111 L. Ed.2d 1 (1990); *Garvelink v. Detroit News*, 206 Mich. App. 604, 608-609, 522 N.W.2d 883 (1994).  Accordingly, some statements of opinion are protected.  *Ireland*, 230 Mich. App. at 614 citing *Milkovich*, 497 U.S. at 18-20.

Indeed, the Michigan Court of Appeals has identified several categories of speech considered constitutionally protected as opinion speech, "including:  (1) statements that are both objectively verifiable but also necessarily subjective; (2) parodies, political cartoons, satires, and other statements that, while factual on their face and provable as false, could not reasonably be interpreted as stating actual facts about the plaintiff; (3) statements that both do and do not state actual facts about a person; and (4) expressions of opinion that otherwise constitute no more than 'rhetorical hyperbole' or 'vigorous epithet' such as calling someone a 'crook' or 'traitor.'"  *Edwards v. Detroit News, Inc.*, 322 Mich. App. 1, 13, 910 N.W.2d 394 (2017) (internal citations and quotations omitted).

### 1. The Alleged Statements are Subjective Opinions and Plaintiffs Cannot Prove the Alleged Statements Are False

Even taking the allegations as true for purposes of this motion, the alleged statements are not defamatory as a matter of law.  The purported statements cannot possibly lower the reputation of either Dr. Ruggirello or his practice, Cambridge Dental, in the community, nor deter third persons from associating with them.  At

best, the statements are subjective assertions – opinion statements – that are not provable as false and are not actionable. "The [U.S. Supreme] Court has directed that a statement must be 'provable as false' to be actionable." *Ireland*, 230 Mich. App. at 616. In doing so, the Court made a distinction between an objectively verifiable event (i.e. can be provable as false), and a subjective assertion.[3] *Id.* Subjective assertions are not actionable. *Id.* at 617.

The alleged statements by Chase employees are clearly nothing more than subjective assertions. According to the Complaint, Mr. Smith merely stated "well you know doctors and dentists have so much money they don't pay attention to their accounts." Complaint, ¶ 13. First, the statement generally refers to "doctors and dentists" and not specifically Dr. Ruggirello or Cambridge Dental. Second, the assertion that doctors and dentists "have so much money" is inherently subjective. The concept of wealth and the quantification of "so much money" can mean different things to different people. It is impossible to prove the falsity of the alleged fact that Dr. Ruggirello or his practice, Cambridge Dental "have so much money." The same is true for the concept of not "pay[ing] attention to their accounts." Someone may

---

[3] As noted by the *Ireland* court, the U. S. Supreme Court in *Milkovich* gave an example of the difference between statements that are objectively verifiable and those that are a subjective assertion. For instance, the statement "In my opinion, Mayor Jones is a liar" would be potentially actionable, while the statement "In my opinion Mayor Jones shows his abysmal ignorance by accepting the teachings of Marx and Lenin" and would not be actionable. *Ireland*, 230 Mich. App. at 616 citing *Milkovich*, 497 U.S. at 20. Lying is an example of an objectively verifiable event, contrasted to a subjective assertion like "shows his abysmal ignorance." *Id.*

believe that the daily activity of balancing a checkbook or checking an online account register is "paying attention," while others may review their accounts less frequently and still believe they are "paying attention."  There is no objective way to verify whether "doctors and dentists" or, assuming the alleged statement actually referred to Plaintiffs, that Dr. Ruggirello "pa[id] attention to their accounts." Accordingly, as a matter of law, the alleged statement made by Mr. Smith is an inherently subjective opinion statement which cannot be objectively proven false, and is therefore, not actionable.  *Ireland*, 230 Mich. App. at 617 (holding that "the question of whether someone is a 'fit mother,' like the question of whether someone is abysmally ignorant, is necessarily subjective" and not actionable.); *Edwards*, 322 Mich. App. at 20-21 (holding that newspaper opinion article referring to the Ku Klux Klan and stating plaintiff was a "leader" could be interpreted by different readers different ways and therefore it was not provably false.)

Similarly, the statements allegedly made by Mr. Ball in September of 2019 are not provable as false, and are subjective opinions.  Plaintiffs allege that in the course of investigating Mr. Smith's alleged statements, Mr. Ball stated to a third party:  [referring to Dr. Ruggirello] "it sounds like your dentist friend just likes to talk a lot," and "it sounds like your dentist friend just likes to talk to anyone who will listen."  Complaint, ¶ 16.  Like the prior alleged statements, there is no way to prove the falsity of whether Dr. Ruggirello likes to "talk a lot" or "to anyone who

12

will listen."  Thus, these statements are not actionable.  *Ireland*, 230 Mich. App. at 617; *Edwards*, 322 Mich. App. at 20-21.

## 2. Mr. Ball's Second Alleged Statement is Rhetorical Hyperbole and Not Actionable

Alternatively, if the Court determines that Mr. Ball's second alleged statement – "it sounds like your dentist friend just likes to talk to anyone who will listen" – is factual on its face, it is rhetorical hyperbole and also not actionable.

Certain types of speech are protected where, although factual on their face, and provable as false, could not be interpreted by a reasonable listener as stating actual facts about the plaintiff.  *Ireland*, 230 Mich. App. at 617.  The U.S. Supreme Court has recognized that certain statements, if taken in context, are not capable of defamatory interpretation.  *Id.* at 617-619 citing *Greenbelt Cooperative Publishing Ass'n, Inc. v. Bresler*, 398 U.S. 6, 90 S.Ct. 1537, 26 L. Ed.2d 6 (1970).  "[S]tatements must be viewed in context to determine whether they can reasonably be understood as stating actual facts about the plaintiff."  *Ireland*, 230 Mich. App. at 618.

Mr. Ball's alleged statement, taken in the context of Dr. Ruggirello's complaints about Mr. Smith's alleged statements and the investigation of such statements, could not be reasonably understood to mean that Dr. Ruggirello quite literally talks to any person he encounters.  The alleged statement (if actually made) is obviously an expression related to the speaker's opinion of Dr. Ruggirello's complaints about Mr. Smith and not actual facts.  "[A]ny reasonable person hearing

13

these remarks in context would have clearly understood what was intended." *Id*. at

619.  Thus, this second statement is rhetorical hyperbole and not actionable.  *Id*. at

612, 618-619 (holding statements indicating the plaintiff "never spent time with the

child," "was never home with the child," that plaintiff  "abdicated all responsibility

for the care and raising of this child to everybody," and the plaintiff "was never with

[the child] for the first three years of [the child's] life" were rhetorical hyperbole and

not actionable.)  Accordingly, Plaintiffs' defamation claim must be dismissed.

### D. Plaintiffs' Intentional Infliction of Emotional Distress Claim Fails Because the Alleged Statements Were Not Extreme or Outrageous

Not only are the alleged comments not defamatory, but they are completely

outside the realm of actions that could constitute a claim of intentional infliction of

emotional distress.  Accordingly, Plaintiffs have failed to state a claim for intentional

infliction of emotional distress as a matter of law, and their Count II should be

dismissed.

To state a *prima facie* case of intentional infliction of emotional distress, the

Plaintiffs must demonstrate:  (1) extreme and outrageous conduct; (2) intent or

recklessness; (3) causation; and (4) severe emotional distress.  *Roberts v. Auto-*

*Owners Ins. Co.*, 422 Mich. 594, 602, 347 N.W.2d 905, 908 (1985); *Dalley v.*

*Dykema Gossett PLLC*, 287 Mich. App. 296, 321, 788 N.W.2d 679 (2010).  It is

generally the trial court's duty to determine whether a defendant's conduct may

reasonably be regarded as so extreme and outrageous as to permit recovery. *Lewis v. LeGrow*, 258 Mich. App. 175, 196, 670 N.W.2d 675 (2003); *Doe v. Mills*, 212 Mich. App. 73, 91, 536 N.W.2d 824 (1995).

The threshold for establishing a claim for intentional infliction of emotional distress is very high.  "Liability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Lucas v. Awaad*, 299 Mich. App. 345, 359, 830 N.W.2d 141, 150 (2013) *quoting Doe*, 212 Mich. App. at 91 (internal quotations omitted).  "Accordingly, liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Id*. (internal quotations and citations omitted).  "It is not enough that the defendant has acted with an intent that is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort."  *Graham v. Ford*, 237 Mich. App. 670, 674, 604 N.W.2d 713 (1999).  Indeed, the test to determine whether a person's conduct was extreme and outrageous is whether "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment

15

against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

Here, the statements Plaintiffs attribute to Chase's employees cannot possibly rise to the level of "outrageous," "atrocious," and "utterly intolerable" conduct required to create a *prima facie* case of intentional infliction of emotional distress. Plaintiffs allege that Chase employees stated to a third party regarding Dr. Ruggirello that "well you know doctors and dentists have so much money they don't pay attention to their accounts," "it sounds like your dentist friend just likes to talk a lot," and "it sounds like your dentist friend just like to talk to anyone who will listen." Complaint, ¶¶13 and 16. At best, these statements are merely impolite, not statements "beyond all possible bounds of decency" and that "would not be tolerated by a civilized society." *Lucas*, 299 Mich. App. at 359; *Warren v. June's Mobile Home Village & Sales, Inc*., 66 Mich. App. 386, 392, 239 N.W.2d 380 (1976) (where defendant screamed at plaintiff, told the neighbors plaintiff was a trouble maker and used the word "bitch" the court stated: "It is not clear that an unfriendly attitude and namecalling [sic] constitute extremely outrageous conduct."); *Todd v. NBC Universal (MSNBC)*, 2015 WL 8539703 (Mich. App. No. 323235, Dec. 10, 2015) (holding defendant's television show that incorrectly identified plaintiff as the perpetrator of a crime, using his name and photograph, did not rise to the level of extreme and outrageous conduct necessary to state a claim for intentional infliction

16

of emotional distress); compare *Haverbush v. Powelson*, 217 Mich. App. 228, 234-235, 551 N.W.2d 206 (1996)(court found a rational trier of fact could find conduct extreme and outrageous where defendant (1) sent a barrage of letters to plaintiff, his daughter, and future in-laws where she called him a compulsive liar, threatened his fiancé with physical harm and threatened to tell his colleagues he had harassed defendant, (2) left lingerie on plaintiff's vehicles and at his residence several times, (3) left an ax and a hatchet on plaintiff's vehicles after asking him how his fiancé would like to have an ax thrown through her windshield, (4) told a co-worker several times that someone should "ice" plaintiff, and (5) wrote several letters threatening to move in with him even though he was to be married.)

Moreover, to the extent Plaintiffs are also alleging that Mr. Slatkin's alleged actions are the basis for their emotional distress claim, that too fails as a matter of law.  There is no Michigan precedent allowing recovery of damages for "emotional injuries allegedly suffered as a consequence of property damage." *Bernhardt v. Ingham Regional Medical Center*, 249 Mich. App. 274, 279, 641 N.W.2d 868 (2002) citing *Koester v. VCA Animal Hospital*, 244 Mich. App. 173, 176, 624 N.W.2d 209 (2000) (court dismissed plaintiff's claims that emotional distress connected to her conversion and negligence claims created jurisdiction in the court).

### E. Plaintiff Cambridge Dental Has Not Stated Any Facts Related to Actions or Statements Directed Toward It

Even if Plaintiffs' causes of action survive, Cambridge Dental is not a proper plaintiff to the claims of defamation and intentional infliction of emotional distress and should be dismissed.  The entity has not stated any allegations of defamation directed toward it, and it cannot suffer emotional distress.

While Michigan recognizes a claim for business defamation,[4] "a corporation may assert a defamation action if 'the matter tends to prejudice it in the conduct of its business or to deter others from dealing with it.'" *Champion Labs., Inc. v. Parker-Hannifin Corp*., 616 F. Supp. 2d 684, 698 (E.D. Mich. 2009) quoting *Northland Wheels Roller Skating Center, Inc. v. Detroit Free Press, Inc.*, 213 Mich. App. 317, 328, 539 N.W.2d 774 (1995) and *Heritage Optical Center, Inc. v. Levine*, 137 Mich. App. 793, 359 N.W.2d 210 (1984).  Like individual defamation, the very first element an entity must demonstrate to state a business defamation claim is "a false and defamatory statement concerning ***the plaintiff***."  *Champion Labs., Inc*., 616 F.Supp.2d at 698 (emphasis added).  Here, the allegedly defamatory statements were not made about Cambridge Dental as a business entity; instead, Plaintiffs specifically claim the statements relate to Dr. Ruggirello, personally.   Complaint, ¶ 13 ("***referring to Dr. Ruggirello***: 'well you know doctors and dentists have so much money they don't pay attention to their accounts.'") (emphasis added), ¶ 16 ("***referring to Dr. Ruggirello***: 'it sounds like your dentist friend just likes to talk a

---

[4] See *Heritage Optical Center, Inc. v. Levine*, 137 Mich. App. 793, 359 N.W.2d 210 (1984).

lot' and 'it sounds like your dentist friend just likes to talk to anyone who will listen.'") (emphasis added).  Accordingly, Plaintiff Cambridge Dental has failed to state a claim of defamation.

Moreover, Plaintiff Cambridge Dental has also failed to state a claim for intentional infliction of emotional distress.  A corporate entity plaintiff cannot bring a claim for infliction of emotional distress because a corporate entity, including a limited liability company, cannot suffer emotional distress.  *See e.g. Haque Travel Agency, Inc. v. Travel Agents Intern., Inc*. 808 F.Supp. 569, 572 n. 5 (E.D. Mich. 1992); *see, also, F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1489, 23 U.C.C. Rep. Serv. 2d 596 (10th Cir. 1994) ("Since a corporation lacks the cognizant ability to experience emotions, a corporation cannot suffer emotional distress."); *Earth Scientists (Petro Services) Ltd. v. U.S. Fidelity & Guar. Co.*, 619 F. Supp. 1465, 1474 (D. Kan. 1985) (same); *HM Hotel Properties v. Peerless Indem. Ins. Co.*, 874 F. Supp. 2d 850, 853 (D. Ariz. 2012) (same regarding a limited liability company).

Thus, Plaintiff Cambridge Dental has failed to state any claims against Defendant Chase and should be dismissed.

## IV.   CONCLUSION

The arguments and law set forth above lead to one conclusion: Plaintiffs have failed to state claims of defamation and intentional infliction of emotional distress

against Defendant Chase.  Thus, Plaintiffs claims and complaint, in its entirety, must

be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).


 Dated: August 7, 2020                    Respectfully submitted,

                                          FROST BROWN TODD, LLC

                                            /s/ Kelley M. Haladyna
                                          By:  Kelley M. Haladyna (P63337)
                                          Frost Brown Todd, LLC

                                          301 N. Main St.
                                          Suite 100
                                          Ann Arbor, MI  48104
                                          734.669.1064
                                          khaladyna@fbtlaw.com

                                          *Attorneys for Defendant JPMorgan
                                          Chase Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2020, a copy of the foregoing Notice of Removal was filed electronically, and also sent by mail and email to Plaintiffs' counsel of record.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>/s/  Kelley M. Haladyna (P63337)</u>

EN21350.Public-21350   4817-2271-9682v1