UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMBRIDGE DENTAL, LLC,
      and
DR. JOSEPH RUGGIRELLO,

          Plaintiffs,

                                      Case No. 20-12068
v.                                         Hon. Denise Page Hood

JPMORGAN CHASE BANK N.A.,

          Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#2]**

### I.    INTRODUCTION

The matter before the Court concerns Defendant JPMorgan Chase Bank N.A.'s ("Defendant) Motion to Dismiss. [ECF No. 2] Defendant filed its Motion to Dismiss on August 7, 2020. Plaintiffs Cambridge Dental LLC ("Cambridge Dental") and Dr. Joseph Ruggirello ("Dr. Ruggirello") (collectively "Plaintiffs") filed an untimely Response on October 16, 2020. [ECF No. 7] Defendant filed a Reply on October 8, 2020. [ECF No. 8] On December 1, 2020, the Court orally **GRANTED** Defendant's Motion. The Court's decision follows.

## II. FACTUAL BACKGROUND

The facts according to Plaintiffs' Complaint are as follows. On May 26, 2020, Plaintiffs filed their Complaint in the Circuit Court for the County of Macomb, Michigan. [ECF No. 1] On July 31, 2020, Defendant filed a notice of removal. [*Id.*] The Complaint alleges the common law torts of Defamation (Count I) and Intentional Infliction of Emotional Distress (Count II). [ECF No. 1-1, Pg.ID 17-18]

Dr. Ruggirello is the sole member of the limited liability company Cambridge Dental. [ECF No. 1, Pg.ID 4] Defendant is incorporated in Delaware with its principal place of business in Ohio. [*Id.*] Plaintiffs began working with Defendant in 2012. [*Id.* at 16] Through the years, Plaintiffs have worked with several of Defendant's employees in various capacities. [*Id.*]

In late 2017, one of Defendant's employees, Brian Slatkin ("Slatkin") persuaded Plaintiffs to deposit $50,000.00 in one of Defendant's accounts. [*Id.*] Instead of depositing the $50,000 into Plaintiffs' account, Slatkin used the funds for his "personal endeavors." [*Id.*] After repeated attempts to obtain a bank statement confirming the transaction, Slatkin provided Plaintiffs with a phony transaction history sheet. [*Id.*]

In July 2019, another one of Defendant's employees, Clay Smith ("Smith") had a conversation with an unrelated third party at an unrelated company. [*Id.*]

This conversation involved Lori V ("Lori"). [*Id.*] During this conversation, Smith mentioned Slatkin's handling of Plaintiffs' $50,000 and specifically referenced Dr. Ruggirello. [*Id.* at 17] In that same conversation, Smith exclaimed "well you know doctors and dentists have so much money they don't pay attention to their accounts." [*Id.*] After that remark, Lori explained that she actually knew the subject of the conversation—Dr. Ruggirello. [*Id.*] Following this revelation, Smith abruptly ended the conversation and left. [*Id.*] On this same occasion, another one of Defendant's employees, Steve Ball ("Ball") told Lori "it sounds like your dentist friend just likes to talk a lot" and "it sounds like your dentist friend just likes to talk to anyone who will listen." [*Id.*] Following Lori's conversation with Smith, Ball contacted Lori in September 2019, to investigate Smith's statements to Lori. [*Id.*]

Plaintiffs now allege that the statements made by Defendant's representatives, Smith and Ball were defamatory statements about how Dr. Ruggirello handles his business affairs. [*Id.*] Plaintiffs are seeking a retraction by Defendant about the alleged defamatory statements, compensatory damages equal to the amount of losses that Plaintiffs have and will sustain, and costs and attorney's fees. [*Id.* at 18-19]

3

### III. LEGAL ANALYSIS

#### A. Standard of Review

Plaintiffs have not responded to Defendant's Motion. Since "no response was necessary" to a 12(b)(6) motion to dismiss, the Court will apply the appropriate legal standard and ascertain whether Plaintiffs' Complaint states a claim upon which relief could be granted. *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court, however, need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (*quoting Gregory v. Shelby Cnty.*, 220 F.3d 443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

4

and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Plaintiffs' Complaint

Defendant asserts that Plaintiffs' Complaint relies entirely upon two "completely innocuous" statements, which do not reach the high threshold required to establish defamation or intentional infliction of emotional distress claims under Michigan law. Defendant argues that the two statements were "general opinion statements," which were at best, impolite, but otherwise did not meet the legal requirements for the alleged torts.

#### 1. Vicarious Liability

Defendant argues that the Complaint is insufficient because the alleged statements made by Smith and Ball were made outside the scope of their employment or authority. [ECF No. 2, Pg.ID 41] Defendant explains that the respondeat superior doctrine in Michigan does not allow for vicarious liability if

employees commit torts outside the scope of their employment or without the employers instructions or authority. *See Hamed v. Wayne Cty.*, 803 N.W.2d 237, 244 (2011) (internal quotes and citations omitted). Defendant further explains that an employer cannot be liable because an employee "purported to act or speak on behalf of the principal and there was reliance upon apparent authority" or where an employee "aided in accomplishing the tort by the existence of the agency relationship." *Zsigo v. Hurley Med Ctr*, 716 N.W.2d 220 (2006); *see also Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 494 (6th Cir. 2006) ("[H]is employer can be liable in *respondeat superior* only if his slanderous statement was made while he was engaged in his employer's work and was acting within the scope of his authority."). Defendant asserts that Smith's remarks to Lori were made in a personal capacity and were unrelated to his employment with Defendant. Nor were Smith's comments made within his authority as Defendant's employee. Defendant contends that the same is true about Balls comments. Although Defendant acknowledges that the Complaint alleges that Ball contacted Lori to "investigate" the conversation between Smith and Lori, Defendant notes that the Complaint does not allege that the investigation was conducted within the scope of Ball's employment duties nor authorized by Defendant.

    The Court finds that neither Smith nor Ball were acting within the scope of their employment nor at the direction of Defendant. Accordingly, Defendant

cannot be held liable for the alleged statements of Smith or Ball. Defendant's Motion to Dismiss Plaintiff's Complaint as it relates to defamation is **GRANTED**.

    2. *Statements are not Defamatory*

Defendant also argues that the Complaint should be dismissed because the alleged are not defamatory as a matter of law. A successful defamation claim includes (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the publisher's part, and (4) either actionability of the statement regardless of special harm (defamation per se) or the presence of special harm caused by the publication (defamation per quod). *Ireland v. Edwards*, 584 N.W.2d 632 (1998). And "a court may decide as a matter of law whether a statement is actually capable of defamatory meaning." *Ireland*, 584 N.W.2d at 638. If a court determines that there is no defamatory meaning, the defendant is entitled to summary disposition. *Id.* Speech that is protected by the First Amendment—such as opinons—cannot be reasonably interpreted as stating actual facts about the plaintiff. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990); *see also Garvelink v. Detroit News*, 522 N.W.2d 883 (1994).

Defendant asserts that the contested statements are subjective, opinion, statements that are not provable as false and are not actionable. As the Michigan Court of Appeals explained in *Ireland*, the United States Supreme Court has

7

established that "a statement must be 'provable as false' to be actionable." *Ireland*, 584 N.W.2d at 641. Defendant further indicates that the alleged statement that dentists "have so much money" is "inherently subjective." Defendant asserts that Smith's statement referred to dentists generally and did not single out Dr. Ruggirello.

Defendant claims that Ball's statements were merely "rhetorical hyperbole." *Id.* at 617-19. Courts have repeatedly found that certain statements, if taken in the proper context, are incapable of defamatory interpretation. *Id.* Defendant contends that the instant case is one of those situations because Ball's statements was "obviously" an expression of Ball's opinion about Dr. Ruggirello and not an actual fact. *Id.* at 619 ("[A]ny reasonable person hearing these remarks in context would have clearly understood what was intended."). Here, Ball allegedly remarked that "it sounds like your dentist friend just likes to talk to anyone who will listen." [ECF No. 1-1, Pg.ID 17] Defendant compares these alleged statements to those in *Ireland*, where the court held that the statements alleging that the plaintiff had "never spent time with the child" were rhetorical hyperbole and not actionable. *Ireland*, 614, 584 N.W.2d at 635.

The Court finds that neither Smith nor Ball's alleged statements rise to the level of defamation. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Defamation claim.

8

### 3. Intentional Infliction of Emotional Distress

Defendant argues that not only are the alleged remarks not defamatory, but they also do not meet the legal requirements for a claim of intentional infliction of emotional distress. A prima facie case of intentional infliction of emotional distress must include: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Roberts v. AutoOwners Ins. Co.*, 422 Mich. 594, 602, 347 N.W.2d 905, 908 (1985); *Dalley v. Dykema Gossett PLLC*, 287 Mich. App. 296, 321, 788 N.W.2d 679 (2010). It is the court's role to determine whether a defendant's actions can reasonably be regarded as so outrageous and extreme as to permit recovery. *Lewis v. LeGrow*, 258 Mich. App. 175, 196, 670 N.W.2d 675 (2003); *Doe v. Mills*, 212 Mich. App. 73, 91, 536 N.W.2d 824 (1995).

Defendant contends that "the average member of the community" would not think the alleged statements were "outrageous." *Roberts*, 422 Mich. at 603*; see also Lucas v. Awaad*, 830 N.W.2d 141, 150 (2013) (quoting *Doe*, 212 Mich. App. at 91) ("Liability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."); *see also Todd v. NBC Universal (MSNBC)*, No. 323235, 2015 WL 8539703, at *4 (Mich.

Ct. App. Dec. 10, 2015) (unpublished) (holding that defendant's television show that mistakenly identified plaintiff as the perpetrator of a crime, using his photograph and name, did not reach the level of extreme and outrageous conduct necessary to state a claim for intentional infliction of emotional distress).

Defendant also argues that Plaintiffs' emotional distress claim regarding Slatkin's actions must fail because Michigan does not allow recovery of damages for "emotional injuries allegedly suffered as a consequence of property damage." *Bernhardt v. Ingham Regional Medical Center*, 641 N.W.2d 868 (2002) (dismissing the plaintiff's claims that emotional distress connected to her conversion and negligence claims created jurisdiction in the court).

Lastly, Defendant asserts that Cambridge Dental is not a proper plaintiff for the defamation and intentional infliction of emotional distress claims. Defendant indicates that Cambridge Dental has not alleged any facts to establish that it was defamed or suffered emotional distress. Although Michigan allows for business defamation suits, corporations may only assert a defamation claim if "the matter tends to prejudice it in the conduct of its business or to deter others from dealing with it." *Heritage Optical Center, Inc. v. Levine*, 359 N.W.2d 210 (Mich. Ct. App. 1984) (citing 3 Restatement Torts, 2d, § 561, p. 159) (emphasis omitted).

As for the emotional distress claim, Defendant contends that corporate entities cannot bring an intentional infliction of emotional distress claim because

10

businesses cannot suffer emotional distress. *Hague Travel Agency Inc. v. Travel Agents Intern., Inc.*, 808 F. Supp. 569, 572 n. 5 (E.D. Mich. 1992); *see also*, *F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1489 (10th Cir. 1994) ("Since a corporation lacks the cognizant ability to experience emotions, a corporation cannot suffer emotional distress."); *see, e.g.*, *Earth Scientists (Petro Services) Ltd. v. U.S. Fidelity & Guar. Co.*, 619 F. Supp. 1465, 1474 (D. Kan. 1985) (same).

The Court is persuaded by Defendant's caselaw, which illustrates that Plaintiffs do not have a cognizable claim for Intentional Infliction of Emotional Distress under Michigan law. Defendant's Motion to Dismiss as it pertains to Plaintiffs' Intentional Infliction of Emotional Distress claim is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Defendant JPMorgan Chase Bank's Motion to Dismiss [ECF No. 2] is **GRANTED**.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: December 3, 2020     United States District Judge

11